IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KENNETH RAY SMITHEE and<br>TERRY JOHN WALSH,<br><br>　　　Plaintiffs,<br><br>v.<br><br>SOUTHWESTERN BELL YELLOW<br>PAGES, INC., JANICE CHESLER,<br>KEN FOBBS, and BILLY RAY<br>HARKINS, JR.,<br><br>　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 4:05-CV-137 |

**MEMORANDUM OPINION & ORDER
DENYING DEFENDANTS' MOTION TO TRANSFER**

　　Before the court is Defendants' Motion to Transfer Venue, filed September 6, 2005. Dkt. # 12. After considering Defendants' motion, Plaintiffs' response, Dkt. # 13, and Defendants' reply, Dkt. # 14, the court has determined that Defendants' motion should be DENIED.

**BACKGROUND**

　　Plaintiffs Kenneth Smithee and Terry Walsh were co-workers at Defendant Southwestern Bell Yellow Pages, Inc.'s (SWBYP) office in Dallas, Texas for over a decade. Pls.' First Am. Compl. at ¶¶ 9 & 10. While driving to lunch on February 5, 2003, they had a conversation about the quality of SWBYP's customer service. *See* Pls.' First Am. Compl. at ¶ 11; Joint Conf. Report at 10 (containing a partial transcript of the conversation). Both agreed it was poor and attributed this to SWBYP's policy of employing racial minorities. *See* Joint Conf. Report at 10. Unbeknownst to Smithee and Walsh at the time, their conversation was being recorded on a co-worker's voicemail, as Walsh had inadvertently called SWBYP on his cell phone in the midst of it. Pls.' First Am.

Compl. at ¶ 11. The co-worker brought the recorded conversation to the attention of her supervisor. *Id*. Smithee and Walsh were consequently suspended from SWBYP pending an investigation into the matter. *Id*. at ¶ 16. Before the investigation concluded however, Smithee and Walsh decided to retire from SWBYP after their supervisor, Defendant Janice Chesler, informed them that the investigation "did not look good." *Id*. at ¶ 16.

Smithee and Walsh thereafter filed this suit in the 199th Judicial District Court of Collin County, Texas. Original Pet. at 1. Their original complaint alleged causes of action against Chesler and SWBYP for fraud and breach of fiduciary duty. *Id*. at 4-10. The gravamen of their case is that Chesler wrongfully induced them to retire by informing them that the investigation "did not look good" when it actually looked "extremely favorable." *Id*. After the case was removed on April 13, 2005, Notice of Removal at 1, Smithee and Walsh amended their complaint to assert claims against Defendants Ken Fobbs, the Vice President of Human Resources at SWBYP, and Billy Ray Harkins, a manager at SWBYP, for violations of the Texas Wiretap Act, invasion of privacy, and aiding and abetting Chesler's alleged breach of fiduciary duty. Pls.' First Am. Compl. at 9-11.

Of present concern to the court, is Defendants' motion to transfer this case to the Dallas Division of the United States District Court for the Northern District of Texas. Defs.' Mot. to Transfer Venue at 1. Defendants base their request on the overall convenience of the parties, the convenience of the witnesses, and the interest of justice. *Id*. at 2. Plaintiffs contend alternatively that venue in the present court should not be upset unless Defendants demonstrate that a balance of convenience and justice substantially weighs in favor of a transfer. Pls.' Resp. at 2.

## DISCUSSION

Motions to transfer venue are governed by 28 U.S.C. § 1404(a). Under § 1404(a), a district

**2**

court may transfer a civil case to a federal district or division where the case might have been brought for the "convenience of parties and witnesses" and the "interest of justice." To determine whether a transfer serves the convenience of parties and witnesses, this court looks to the location of the parties and witnesses, the place of the alleged wrong, the location of the evidence, and the possibility of delay and prejudice if transfer is granted. *See Robertson v. Kiamichi R.R.*, 42 F. Supp. 2d 651, 655 (E.D. Tex. 1999) (citing *Lindloff v. Schenectady Intern.*, 950 F. Supp. 183, 185-86 (E.D. Tex. 1996)). To determine whether a transfer is in the interest of justice, this court looks to the administrative difficulties caused by court congestion, the local interest in adjudicating local disputes, and the unfairness of burdening citizens in an unrelated forum with jury duty. *See Id*. (citing *Walter Fuller Aircraft Sales v. Repub. of the Philippines*, 965 F.2d 1375, 1389 (5th 1992)). Ultimately however, it is the party moving for transfer that bears the burden of demonstrating that the balance of convenience and justice weighs substantially in favor of transfer. *Gardipee v. Petroleum Helicopters, Inc.*, 49 F. Supp. 2d 925, 928 (E.D. Tex. 1999) (citing *Gundle Lining Constr. Corp. v. Fireman's Fund Ins. Co.*, 844 F. Supp. 1163, 1165 (S.D. Tex. 1994)).

In this case, the court does not believe that the balance of convenience and justice weighs substantially in favor of transfer. This belief is informed principally by the fact that the parties herein live in a variety of cities, some of which are closer to Sherman while others are closer to Dallas – to wit, Kenneth Smithee lives in Greensboro, North Carolina; Terry Walsh in Fort Worth, Texas; Janice Chesler in Edmond, Oklahoma; Ken Fobbs in St. Louis, Missouri; and Billy Ray Harkins in Allen, Texas. *See* Pls.' Resp. at 5. The court's belief is informed similarly by the fact that the Defendants have not shown that the nature and volume of evidence in this case cannot be transported to Sherman just as easily as Dallas, especially considering the proximity of the cities. For these

**3**

reasons then, the court is of the opinion that Defendants' Motion to Transfer Venue should be DENIED.

**SIGNED this the 20th day of March, 2006.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE